IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAHMOUD ABUHADBA, | : | No. 4:23cv1586 |
| **Petitioner** | : | |
| | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| TINA WALKER, Superintendent | : | |
| SCI-Fayette; E. DAVID CHRISTINE, | : | |
| JR., the District Attorney of Monroe | : | |
| County; and MICHELLE A. HENRY, | : | |
| the Attorney General of the State of | : | |
| Pennsylvania, | : | |
| **Respondents** | : | |

## MEMORANDUM

Before the court is the report and recommendation ("R&R") of Magistrate Judge Martin C. Carlson, which recommends denying Mahmoud Abuhadba's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The R&R concludes that the petition is untimely. Abuhadba has filed objections to the R&R and this matter is ripe for disposition.

**Background**

This petition arises out of Abuhadba's criminal convictions in the Monroe County Court of Common Pleas in 2013, his conviction on new charges while out on parole in 2015, and punishment for the parole violation.

In March 2013, Judge Margherita Patti-Worthington sentenced Abuhadba in a collection of cases to an aggregate term of incarceration of not less than 29

months and not more than 84 months. <u>Commonwealth v. Abuhadba</u>, No. 700 CR

2015 & 704 CR 2015, 2022 WL 20763504, at *1 (Monroe Cnty. Ct. Comm. Pl.

July 01, 2022)(Higgins, J.), <u>aff'd</u>, 297 A.3d 716 (Table), 2023 WL 2912426 (Pa.

Super. Ct. April 12, 2023).[1]  At some point before March 2015, Abuhadba was

released on state parole while serving the sentence on his 2013 convictions.  In

March 2015, the Pennsylvania State Police suspected that the petitioner was

engaging in drug trafficking.  <u>Abuhadba</u>, 2023 WL 2912426 at *1.  Along with

Abuhadba's parole officer, the state police surveilled the petitioner and observed

suspected drug transactions at his house. <u>Id.</u>  As summarized by the Superior

Court of Pennsylvania:

> Abuhadba's parole officer moved in on foot to stop
> Abuhadba from driving away from his house. As Abuhadba
> subsequently admitted, he possessed heroin with the
> intent to deliver at the time, drove away as his parole officer
> was opening Abuhadba's car door, put the officer in fear of
> serious imminent bodily injury by physical menace, and
> drove while under the influence of heroin.

<u>Id.</u>

Criminal charges were filed in Monroe County regarding the 2015 incident.

Jason Leon, Esq. represented Abuhadba in proceedings before Judge Stephen

M. Higgins.  On September 30, 2015, Abuhadba entered a guilty plea to one

count of aggravated assault, one count of possession with intent to deliver a

---

[1] <u>See also</u> Pet. Exhs., Docs. 1-4 and 1-5.

controlled substance, and one count of driving under the influence at two separate dockets. Abuhadba, 2022 WL 20763504, at *1.

Abuhadba also faced separate punishment for the parole violation, which was scheduled for disposition sometime after sentencing.  During sentencing proceedings on December 8, 2015, Attorney Leon referenced Abuhadba's parole violation detainer.  Abuhadba, 2022 WL 20763504, at *2.  Abuhadba's attorney also indicated that his client was subject to additional penalties related to the parole violation and stated that punishment "would be on the harsh side, given what's at stake[,]" i.e., the victim of the aggravated assault was a state parole officer and the drug involved was heroin. Id.  As for any questions about the plea agreement itself, this exchange also occurred during sentencing:

> **MR. LEON:** I believe the plea form was based on an estimated prior record score of four, based on my calculation. Apparently, the commission on sentencing - the software that's used for the PSI it was calculated differently. But we've discussed that issue, discussed his ability to file a motion to withdraw his plea if he felt that it wasn't knowingly made.
>
> My understanding is he's elected to move forward with sentencing, but wants Your Honor to be aware that that was an issue that we discussed.
>
> **THE COURT:** I mean, if he's telling me he has not entered a knowing, intelligent, and voluntary plea, I'm not going to accept his guilty plea, he can go to trial. Is that what he wants to do?

3

**MR. LEON:** I don't believe so.

**[ABUHADBA]**: No, your honor.

Id.

Abuhadba did not withdraw his plea. Judge Higgins sentenced him to a total aggregate sentence of 60 to 120 months at two different docket numbers. Id. The state trial court also denied Abuhadba's motions for reconsideration of the sentences. Id. He did not file a direct appeal. The state parole board took separate action based on the parole violation. Several years then passed.

In May 2021, almost six (6) years after being sentenced by Judge Higgins for the 2015 offenses, Abuhadba alleges that the Pennsylvania Department of Corrections informed him that he was to begin serving the 60-to-120-month sentence after completing his sentence related to the 2013 offenses and parole violation.[2] Abuhadba then began to challenge the nature of his punishment for the 2013 offenses, the 2015 offenses, and for the parole violation, beginning with collateral proceedings under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541–9546. As he does in his Section 2254 petition,

---

[2] Abuhadba has initiated separate proceedings against the Department of Corrections in the Commonwealth Court of Pennsylvania regarding its calculation of his sentences. See Abuhadba v. Dep't of Corr., 330 A.3d 851 (Table), 2024 WL 4850952 (Pa. Commw. Ct. 2024)(denying the department's demurrer to Abuhadba's petition for writ of mandamus).

(Doc. 1-3 at 7), Abuhadba asserted in state proceedings that his PCRA petition was timely filed due to "newly discovered facts" and that his 2015 plea counsel was ineffective for failing to fully advise him prior to entry of the guilty plea about the consequences of his parole violation, i.e., consecutive sentences of incarceration for the 2013 and 2015 offenses. Abuhadba, 2023 WL 2912426 at *2.

After two hearings before the PCRA court, Judge Higgins dismissed Abuhadba's petition on July 1, 2022. Abuhadba, 2022 WL 20763504. On April 12, 2023, the Superior Court of Pennsylvania affirmed. Abuhadba, 2023 WL 2912426. It does not appear that Abuhadba then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Rather, on July 10, 2023, Abuhadba filed the instant petition for a writ of habeas corpus pursuant to Section 2254 in the Eastern District of Pennsylvania. (Doc. 1). Following transfer to the Middle District of Pennsylvania, (Doc. 12), the court referred the petition to a United States Magistrate Judge. In the R&R, Magistrate Judge Carlson recommends that the court deny the petition as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), 28 U.S.C. § 2244(d)(1). (Doc. 20).

5

Abuhadba objects to that recommendation. (Doc. 21). He asserts that the R&R failed to discuss and distinguish federal law from state law regarding his Sixth Amendment ineffective assistance of counsel claims and failed to address the tolling exceptions to an untimely habeas petition.[3]

## Jurisdiction

Writs of habeas corpus may be granted by the district courts within their respective jurisdictions. 28 U.S.C. § 2241. Additionally, 28 U.S.C. § 2254(a) provides the court with jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id.

## Legal Standard

When a party files objections to a magistrate judge's report and recommendation on a dispositive motion, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

---

[3] The R&R does address equitable tolling. (Doc. 20 at 16-20).

The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.  Based on the R&R conclusions and the nature of Abuhadba's objections, the court will conduct a *de novo* review.

**Analysis**

The R&R focuses on findings made by the state courts, which determined that, as a matter of fact, Abuhadba had not demonstrated due diligence in pursuing PCRA relief.  Consequently, under his review of the record, Magistrate Judge Carlson determined that Abuhadba could not overcome the presumption of correctness regarding the state court's factual conclusions about timeliness and diligence. (Doc. 20 at 18-19 (citing 28 U.S.C. § 2254(e)(1)).  Per the R&R, those same facts are dispositive to Abuhadba's Section 2254 petition, that is, the AEDPA's one-year limitations period bars consideration of the petition.  In his objections, Abuhadba argues that the magistrate judge failed to discuss and distinguish federal law from state law regarding his ineffective-assistance claim and failed to consider equitable tolling.

Abuhadba's timeliness and ineffective-assistance arguments are clearly intertwined.  The best approach to resolving his petition on *de novo* review is to

7

address those arguments together when analyzing the ways that facially untimely

Section 2254 petitions may be tolled.[4]

### 1. Statutory Tolling

The AEDPA expressly provides for tolling of the one-year limitations period

when "a properly filed application for State post-conviction or other collateral

review" for the at-issue judgment is "pending." 28 U.S.C. § 2244(d)(2). In 2019,

Abuhadba filed a *pro se* PCRA petition challenging the imposition of restitution,

i.e., repayment of medical bills for the injuries to his parole officer. See

Abuhadba, 2023 WL 2912426 at *1. The PCRA court denied that petition as

untimely and Abuhadba did not file an appeal. Id. He then filed subsequent *pro

se* PCRA petitions in July 2021, supplemented by appointed counsel, asserting

that his 2015 plea counsel was ineffective for failing to inform him that the

sentences in his then-present cases would run consecutively to his "back time"

---

[4] The AEDPA contains a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court. See 28 U.S.C. § 2244(d)(1). In most cases, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

The state court imposed judgment on Abuhadba on December 8, 2015. The court then denied his motion for reconsideration on December 21, 2015. Abuhadba did not file a direct appeal. Abuhadba's conviction thus became "final" for AEDPA purposes in 2016. See 28 U.S.C. § 2244(d)(1)(A). Absent tolling of the one-year limitations period, Abuhadba's Section 2254 petition is untimely.

on his 2013 convictions. Id. The PCRA court dismissed those petitions, concluding that they were untimely and, in any event, lacked merit. Id. at *2. The Superior Court of Pennsylvania affirmed. Id. at *2-*4.

Under the law, the time during which a *properly* filed application for state post-conviction relief shall not be counted toward any limitations period. Here, the state court determined that Abuhadba's PCRA petitions were untimely under state law. Abuhadba, 2023 WL 2912426 at *2-*4 (determining that the petitioner's arguments predicated upon the PCRA time-bar exception at 42 Pa.C.S.A. § 9545(b)(1)(ii) merited no relief). Thus, those PCRA petitions are not considered "properly filed" applications to toll the limitations period for his Section 2254 petition. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Wallace v. Mahanoy, 2 F.4th 133, 149 (3d Cir. 2021). Statutory tolling is unavailable in this case.

### 2. Equitable Tolling

The AEDPA's one-year limitations period is also subject to the doctrine of equitable tolling. Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 272 (3d Cir. 2022) (citing Holland v. Florida, 560 U.S. 631, 645-49 (2010)). Application of this doctrine, however, occurs "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis. Id. (quoting LaCava v. Kyler, 398 F.3d 271, 275 (3d

9

Cir. 2005)) (alteration in original) (further citation omitted).  "A petitioner seeking

equitable tolling bears the burden to show that he diligently pursued his rights

and that some extraordinary circumstance stood in his way.' " Satterfield v.

Johnson, 434 F.3d 185, 195 (3d Cir. 2006)(quoting Pace, 544 U.S. at 418).  "This

conjunctive standard requires showing **both** elements before [courts] will permit

tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012)(emphasis added).

As for diligence, the level required is "reasonable diligence, not maximum,

extreme, or exceptional diligence." Ross v. Varano, 712 F.3d 784, 799 (3d Cir.

2013)(citing Holland, 560 U.S. at 653).  But mere excusable neglect is not

sufficient. LaCava, 398 F.3d at 276.  Additionally, "[d]etermining whether a

petitioner has exercised reasonable diligence is a fact-specific inquiry and, again,

depends on the circumstances faced by the particular petitioner." Martin, 23 F.4th

at 273 (cleaned up).  This requirement "applies not only to a petitioner's filing for

federal habeas relief, but it also extends to the steps that the petitioner takes to

exhaust available state court remedies." Id. (citing LaCava, 398 F.3d at 277).

Regarding Abuhadba's reasonable diligence, his PCRA petitions were

themselves time barred.  As summarized by the Superior Court of Pennsylvania:

> Abuhadba had further notice that the maximum date of his
> backtime for his parole violations ended in May 2021 and
> the DOC had lodged detainers for him based on the

10

sentences in the present cases in 2016, when he received the July 2016 DL-16E form…

We also agree with the PCRA court that Abuhadba's 2019 inmate requests for information about the sentences in the present cases evidenced his concern about how these sentences would run with his backtime for his parole violations…

Additionally, at that same time, Abuhadba had filed his first PCRA petition…and the PCRA court had appointed counsel in that matter. However, nothing in the record shows he took any steps to clarify his concerns that he would serve his sentences in the present case [] consecutive to his parole backtime.

2023 WL 2912426 at * 3 (formatting modified).

Thus, according to the state court, there were three instances, one in 2016 and two in 2019, where Abuhadba failed to use reasonable diligence in collaterally attacking his sentence.

On the other hand, the equitable tolling analysis prioritizes flexibility over mechanical rules. See Martin, 23 F. 4th at 273 (citations omitted). Additionally, "[e]quitable tolling… asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law." Holland, 560 U.S. at 650 (emphasis in original). After review of Abuhadba's Section 2254 petition and exhibits,

11

however, he cannot demonstrate reasonable diligence to warrant equitable tolling of his petition.

As referenced above in the passage from the Superior Court's decision, a DC16E form is a sentence status summary form issued by the Pennsylvania Department of Corrections. Abuhadba's Section 2254 petition attaches the DC16E form for his 2013 convictions as modified by his later parole violation. (See Doc. 1-6). Abuhadba's DC16E form is dated July 28, 2016. (Id.) The form includes dates relevant to his original sentence, including a "controlling minimum date" of January 3, 2015, or two months before the events leading to his 2015 convictions. (Id.) The form also includes an entry entitled "New Maximum – PV." (Id.) This document thus indicates, based on the parole violation, that his new maximum sentence date would end on May 19, 2021. Abuhadba does not argue that he failed to receive notice of this document in 2016. Additionally, none of Abuhadba's allegations against his 2015 plea counsel implicate the petitioner's non-receipt of this document less than a year after being sentenced.

Furthermore, Abuhadba has also attached a prison request form dated April 8, 2019, seeking his "DC-300B," i.e., his prison commitment document. (Doc. 1-7 at ECF p. 1). At his PCRA hearing, Abuhadba testified that, based on this request, he had concerns about his prison sentences as early as 2019. (Doc.

12

1-8, 32:13–33:17). From the record, Abuhadba first challenged the restitution

aspects of his sentence in 2019 with the assistance of counsel. (Id. 35:23-37:4).

But he did not challenge any other aspect of his sentences until separate,

subsequent PCRA petitions in 2021. And after review of Abuhadba's petition,

exhibits, and objections to the R&R, none of the petitioner's allegations against

his 2015 plea counsel change the fact that Abuhadba did not act on any

concerns about his prison sentences in a timely manner. He fails to meet the

first prong required for equitable tolling. No analysis of the "exceptional

circumstances" prong of the test is thus necessary.[5] See Martin, 23 F.4th at 275.

Abuhadba's Section 2254 petition is untimely and will be dismissed.

**Conclusion**

For the reasons set forth above, Abuhadba's objections to the R&R will be

overruled. The R&R will be adopted. Abuhadba's petition for a writ of habeas

corpus under Section 2254 will be dismissed as barred by AEDPA's statute of

---

[5] Abuhadba asserts that equitable tolling should apply due to the ineffective assistance of his
2015 plea counsel and requests that the court conduct an analysis of the factors set forth at
Strickland v. Washington, 466 U.S. 668 (1984). (See Doc. 21). In rare circumstances,
egregious negligence or malfeasance by a petitioner's counsel can satisfy the "extraordinary
circumstance" requirement for equitable tolling of the statute of limitations. See Ross, 712
F.3d at 800. Abuhadba's objections do not specify how his 2015 plea counsel prevented him
from taking action in 2016 or in 2019. He instead rehashes the ineffective assistance claims of
his petition. None of these allegations are relevant to equitable tolling, as they do not concern
or excuse Abuhadba's multiple-year delay in collaterally attacking his sentences.

limitations.  Abuhadba has not established any basis for tolling this limitations period.

A certificate of appealability will also be denied.  Abuhadba has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this court's procedural ruling is correct, Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate order follows.

Date: 6/9/25

JUDGE JULIA K. MUNLEY
United States District Court

14